07-3204-cv
Brothers v. Akshar

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of June, two thousand and ten.

PRESENT:    JOHN M. WALKER, JR.,
            PIERRE N. LEVAL,
            PETER W. HALL,
                        *Circuit Judges*.

_____

Scott Brothers,

                        *Plaintiff-Appellant*,

            v.                                          No. 07-3204-cv

Frederick J. Akshar II, Sheriff David E. Harder, Broome County
Sheriff's Office, County of Broome,

                        *Defendants-Appellees*.

_____

For Appellant:          STEPHEN C. GLASSER, (Frank V. Floriani, Susan M. Jaffe, of
                        counsel, *on the brief*), Sullivan Papain Block McGrath & Cannavo,
                        P.C., New York, New York.

For Appellees:          JOHN L. PERTICONE, (Maria Lisi-Murray, of counsel, *on the brief*)
                        Levene, Gouldin & Thompson, LLP, Vestal, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), granting summary judgment to the defendants.

**UPON DUE CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Scott Brothers appeals from the July 10, 2007 judgment of the district court granting summary judgment in favor of the defendants-appellees on his civil rights claim asserting excessive use of force pursuant to 42 U.S.C. § 1983. Brothers makes three principal arguments on appeal: (1) the district court erred by granting defendants summary judgment on his excessive use of force claim; (2) the district court abused its discretion by excluding appellant's proffered expert testimony; and (3) the district court erred by finding that appellant's § 1983 claims are barred by the doctrine of collateral estoppel.

We review a summary judgment award *de novo*, viewing the facts in the light most favorable to the non-moving party. *See Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir. 2008). While we will not uphold an award in favor of the defendant if the evidence is sufficient to permit a reasonable jury to find for the plaintiff, the plaintiff must point to more than a "scintilla" of evidence in support of its claims to defeat summary judgment. *See id.*; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). We review a district court's rulings on admission and consideration of expert testimony under *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), for abuse of discretion, and we only find such abuse if the court's decision was "manifestly erroneous." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 264-65 (2d Cir. 2002). In applying these standards, we assume the parties'

familiarity with the facts and proceedings in the district court, which we reference only as necessary to explain our decision.

Having carefully examined the record before the district court, we agree with that court's order granting summary judgment in favor of the defendants on Brothers's § 1983 claim for excessive use of force. "[I]n order to establish that [Akshar's] use of force was constitutionally excessive within the meaning of the Fourth Amendment, [Brothers] was required to show that [Akshar's] actions were objectively unreasonable in light of the facts and circumstances confronting him . . .." *See Nimely v. City of New York*, 414 F.3d 381, 390 (2d Cir. 2005) (internal quotation marks and alteration omitted). "' [A]n officer's decision to use deadly force is objectively reasonable only if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.' " *Id*. (quoting *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 762 (2d Cir. 2003)). The reasonableness of an officer's decision to use force "'depends only upon the officer's knowledge of circumstances immediately prior to and at the moment that he made the split-second decision to employ deadly force.'" *Id*. at 390-91 (quoting *Cowan*, 352 F.3d at 762). Akshar testified that Brothers sat up and began "to lower his weapon towards" Akshar and his colleague. That testimony is corroborated, at least to some extent, by the defendants' forensic pathologist who testified that "[t]he pattern of gunshot wounds received by Mr. Brothers is entirely consistent with the statements made by Deputy Akshar." Brothers presented no admissible evidence to rebut Akshar's testimony. Because Akshar's unrebutted testimony establishes that he had probable cause to believe Brothers posed a significant threat of death or serious physical injury to

3

him and his colleague, his decision to use deadly force was objectively reasonable. *See Nimely*, 414 F.3d at 390-91.

With respect to Brothers's claim that the district court improperly excluded his expert's testimony, we find any such error immaterial. Federal Rule of Evidence 702 requires district courts to perform the "gatekeeping" function of determining "that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). "[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

Here, the district court did not abuse its discretion in excluding Henry Branche's testimony. First, we agree with the district court that Branche lacks the qualifications to testify as to "forensic crime scene reconstruction or forensic pathology." The court thus properly excluded Branche's testimony "that based upon the nature and location of the Plaintiff's wounds, Plaintiff could not have been positioned as ascribed by Deputy Akshar at the time of the shooting." Additionally, any error in excluding Branche's testimony regarding police-safety procedures is of no consequence because the majority of that testimony was not relevant to Brothers's excessive use of force claim. *See Salim v. Proulx*, 93 F.3d 86, 92 (2d Cir. 1996) ("The reasonableness inquiry depends only upon the officer's knowledge of circumstances immediately prior to and at the moment that he made the split-second decision to employ deadly force."). For these reasons, the district court did not abuse its discretion by excluding Brothers's proffered expert testimony.

4

Because we conclude that the district court properly granted summary judgment in favor of the defendants and did not abuse its discretion in excluding Branche's expert testimony, we do not reach the question of whether the district court erred in holding that, under the doctrine of collateral estoppel, Brothers could not assert that he did not intentionally point his gun at Akshar.

Upon review, we find Brothers's remaining arguments without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk